## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DURANT,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIQUE HOMES, INC.<br>and DOES 1-10,<br><br>    Defendants. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

Plaintiff, John Durant ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

### PARTIES

3. Plaintiff is an individual doing business as a professional photographer with an address at 3421 Tripp Ct., Studio 4, San Diego, California, 92121.

4. Upon information and belief, defendant Unique Homes, Inc. ("Unique Homes") is a company duly organized and existing under the laws of New Jersey, with a principal place of business at 327 Wall Street, Princeton, New Jersey, 08540.

5.      Defendants Does 1 through 10 ("Doe Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

6.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

7.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

8.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

9.      Plaintiff is a professional photographer based out of California and, through his business John Durant Photographer, LLC, creates and licenses photographic images for various uses.

10. Plaintiff has established a significant and valuable reputation through the success of his many works.  Plaintiff is particularly known for his striking architectural works.  Among the many striking photographs taken by the Plaintiff, Plaintiff is the original author of the photographic image which is at issue in this case (the "Copyrighted Work").  Attached hereto as Exhibit A is a copy of the Copyrighted Work demonstrating its copyright management information included in the metadata of the Copyrighted Work.

11. On October 10, 2007, Plaintiff obtained a registration with the United States Copyright Office for the photographic image, along with other images, titled Third Quarter 2007.  Attached hereto as Exhibit B is a copy of the certificate for Registration Number VAu 965-108 obtained from the United States Copyright Office.

12. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

**Defendant's Unlawful Activities**

13. Upon information and belief, Unique Homes owns and operates a number of websites, including one located at the URL http://www.uniquehomes.com where Unique Homes uses high quality photographic images, such as those belonging to Plaintiff, to lure internet users to visit and linger at Defendant's website, thus profiting from advertising revenue that grows as its viewership grows or to lure customers to Defendant's website in order to increase the revenues and profits obtained from the goods or services promoted and sold by Defendant.

14. Plaintiff has discovered that Unique Homes is and has been infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the websites located at the following URLs:

3

- http://content.uniquehomes.com/wp-content/uploads/2014/04/Dell_7x7rgb300p.jpg

- http://content.uniquehomes.com/2014/04/26286/

16.     Unique Homes' reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's permission and was conducted with full knowledge that it did not have such permission or with reckless disregard for the lawful need of such permission.  Copies of screenshots demonstrating Unique Homes' unauthorized use at the infringing websites are attached hereto as Exhibit C.

17.     Unique Homes' reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

18.     Unique Homes' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

19.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

20.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

21.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

22.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Unique Homes had access to the Copyrighted Work prior to the creation of Unique Homes' infringing works.

23.     By its actions, as alleged above, Unique Homes has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

24.     Upon information and belief, Unique Homes' infringement of Plaintiff's copyrights is willful and deliberate and Unique Homes has profited at the expense of Plaintiff.

25.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Unique Homes' uses of the Copyrighted Work without paying licensing fees, in an amount to be proven at trial.

26.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Unique Homes' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

27.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Unique Homes, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29.     Unique Homes' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

30.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

31.     As an alternative theory to its direct infringement claim, in the event any of the Unique Homes contends the infringing conduct described above is done by another, Unique Homes had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

32.     By their actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

33.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate and Defendants have profited at the expense of Plaintiff.

34.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Work without paying licensing fees, in an amount to be proven at trial.

35.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

36.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by each of

the Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

38.     Defendants' conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

39.     Plaintiff realleges the above paragraphs and incorporates them by reference as if

fully set forth herein.

40.     As an alternative theory to its infringement claims above, to the extent any of the

Defendants contend they did not directly infringe nor contributorily infringe Plaintiff's

copyrights, Defendants each had the right or ability to control the direct infringement described

above.

41.     As a result of each Defendants' right or ability to supervise the direct

infringement described above, Defendants could have prevented or stopped the direct

infringement but did not take any action to do so.

42.     Defendants each had a direct financial interest in the reproduction, distribution

and public display of the Copyrighted Work and each Defendant benefitted from the direct

infringement.

43.     As a direct and proximate result of Defendants' vicarious infringement of

Plaintiff's copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual

damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

44.    In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

45.    In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

47.    Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.    A declaration that Defendants have infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2.    A declaration that such infringement is willful;

3.    An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court

shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Work;

4.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7.      Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

(a)      directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

(b)      directly or indirectly removing or altering any copyright management information from, or providing, or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Works; and,

8.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 29, 2018

Respectfully submitted,

By: */s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
One Capital Plaza
Concord NH 03302-1500
Telephone: (603) 410-4338
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Durant*