**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN DURANT,

    Plaintiff,

v.

DUPONT PUBLISHING, INC., and DOES 1-10,

    Defendants.

Civil Action No. 18-9794 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant duPont Publishing Inc.'s ("Defendant") Motion to Dismiss the Amended Complaint. (ECF No. 11.) Plaintiff John Durant ("Plaintiff") opposed (ECF No. 12), and Defendant replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted in part, without prejudice, and denied in part.

**I.    Background[1]**

This action arises from Defendant's alleged infringement of Plaintiff's copyrights. (*See* Am. Compl., ECF No. 4.) Plaintiff is a professional photographer and the original author of the photographic image[2] at issue in the instant motion. (*Id.* ¶¶ 3, 10.) In 2007, Plaintiff obtained a

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true and summarizes the facts alleged in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] The Court refers to this photographic image—originally titled "Third Quarter 2007"—as the "Copyrighted Work." (Am. Compl. ¶ 30.)

registration for the Copyrighted Work through the United States Copyright Office. (*Id.* ¶ 11.) The Copyrighted Work depicts a glass architectural design. (*See id.* ¶ 10; Am. Compl. Ex. A.) "Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work." (*Id.* ¶ 12.) Defendant is a company organized under Delaware law with its principal place of business in New Jersey. (*Id.* ¶ 4.) In 2014, Nathan Allan Studios—a third party not named in the present motion—displayed an advertisement on a website Defendant operated. (*Id.*, Ex. C.) In the advertisement, Nathan Allan Studios used the Copyrighted Work. (*Id.*) Plaintiff discovered the Copyrighted Work on Defendant's website, following which he brought the instant action against Defendant.[3] (*Id.* ¶¶ 5, 15.) Defendant subsequently filed the present Motion to Dismiss. (ECF No. 11.)

## II. Legal Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court conducts a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, [a] court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (second alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, a court must "[review] the complaint to strike conclusory allegations[.]" *Id.* A district court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Kedra v. Shroeter*, 876 F.3d 424, 440 (3d Cir. 2017) (citation omitted). In so doing, however, a district court may ignore legal conclusions

---

[3] Additionally, Plaintiff brought suit against ten individuals ("John Does"). Plaintiff alleges that these individuals are "legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff." (Am. Compl. ¶ 5.) At this point, Plaintiff has not identified any John Does. Should Plaintiff seek to substitute John Does, he must file an appropriate motion. In addition, the Court notes Defendant's opposition to exhibits that Plaintiff attached to his opposition brief. (Def.'s Reply Br. 4, ECF No. 13 (citing ECF Nos. 12-4, 12-5, 12-6, 12-7, 12-8).) The Court afforded no weight to those documents in reaching its decision on Defendant's Motion to Dismiss.

2

or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, a district court must determine whether "[a] complaint as a whole contains sufficient factual matter to state a facially plausible claim[.]" *Kedra*, 876 F.3d at 441 (quoting *Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011)).

### III. <u>Discussion</u>

Plaintiff asserts three claims for relief. (Am. Compl. ¶¶ 19-47.) Specifically, Plaintiff asserts: (1) direct copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement. (*Id.*) The Court will address each in turn.

#### A. Direct Copyright Infringement

To establish direct copyright infringement, a plaintiff must demonstrate: (1) "ownership of a valid copyright," and (2) "unauthorized copying." *Fish Kiss LLC v. N. Star Creations, LLC*, No. 17-8193, 2018 WL 3831335, at *6 (D.N.J. Aug. 13, 2018) (quoting *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 135 (3d Cir. 2014)). Here, Plaintiff adequately alleged the ownership requirement because he alleged that he "obtained a registration with the United States Copyright Office for the [Copyrighted Work]." (Am. Compl. ¶ 11.) Indeed, "[r]egistration of a copyright constitutes prima facie evidence of ownership." *78th Infantry Div., World War II Living Hist. Ass'n v. Oprendek*, No. 11-0165, 2011 WL 13137347, at *2 (D.N.J. Nov. 17, 2011) (citing 17 U.S.C. § 410(c)). Defendant also does not dispute Plaintiff's ownership of the Copyrighted Work.

Second, Plaintiff adequately pled the unauthorized copying requirement because Plaintiff plausibly alleged facts to support his claim that Defendant used the Copyrighted Work without Plaintiff's authorization. (Am. Compl. ¶¶ 16, 18.) The Court accepts these allegations as true and concludes that Plaintiff has pled a legitimate claim for direct copyright infringement on which

3

relief can be granted.[4] The Court, accordingly, denies Defendant's Motion to Dismiss the direct copyright infringement claim.

B. **Contributory Copyright Infringement and Vicarious Copyright Infringement**

To establish contributory copyright infringement, a plaintiff must demonstrate that: "(1) a third party directly infringed the plaintiff's copyright; (2) the defendant knew that the third party was directly infringing; and (3) the defendant materially contributed to or induced the infringement." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 387 (3d Cir. 2016) (citations omitted). As Defendant correctly emphasized, "Plaintiff does not allege any infringement by a third party." (Def.'s Moving Br. 9, ECF No. 11.) Indeed, "to prove a claim of contributory or vicarious [copyright] infringement [by a third party], a plaintiff must first show direct infringement by a third party." *Leonard*, 834 F.3d at 386.

Here, because Plaintiff only raised claims against Defendant, neither Plaintiff's contributory copyright infringement claim, nor his vicarious copyright infringement claim, survives Defendant's Motion to Dismiss. In addition, because a claim against a third party is a threshold element to an indirect copyright infringement claim, the Court need not examine the remaining requisite elements for Plaintiff's indirect copyright infringement claims. (*See* Def.'s Moving Br. 8 (citing *Leonard*, 834 F.3d at 386).) The Court, accordingly, dismisses claims two and three without prejudice.

---

[4] Defendant requests that the Court consider a license agreement, which Defendant argues serves as a complete defense to Plaintiff's claims. (Def.'s Moving Br. 1.) The Court, however, finds that consideration of the license agreement is more appropriate on summary judgment. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

C.   **Attorneys' Fees**

Defendant and Plaintiff both request attorneys' fees. (Def.'s Moving Br. 13; Pl.'s Opp'n Br. 8-9, ECF No. 12.) Significantly, "[a] district court is entrusted with considerable discretion to determine whether an award [of attorneys' fees] should be granted." *Lowe v. Loud Records*, 126 F. App'x 545, 547 (3d Cir. 2005). Moreover, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (citation and internal quotation marks omitted). Here, the Court finds that the award of attorneys' fees is a matter best decided at a future stage of litigation. *See Marimar Textiles, Inc. v. Jude Clothing & Accessories Corp.*, No. 17-2900, 2017 WL 4391748, at *4 (D.N.J. Oct. 2, 2017) (citation omitted) ("[W]hether statutory damages or attorneys' fees are warranted in a copyright infringement case is a question best decided after the matter has progressed through discovery and not at the motion to dismiss phase."). The Court, accordingly, denies without prejudice both Defendant's and Plaintiff's requests for attorneys' fees.

IV.   **Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** in part, without prejudice, and **DENIED** in part. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 29, 2019

5